# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL MOMENT, #16-02335 | * | |
| Petitioner, | * | Civil Action No. PWG-16-2535 |
| v. | * | |
| SUSAN K. MALAGARI, Warden | * | |
| Respondent | * | |

******************

| | | |
|---|---|---|
| MICHAEL MOMENT, #16-02335 | * | |
| Plaintiff, | * | Civil Action No. PWG-16-2536 |
| v. | * | |
| SUSAN K. MALAGARI, Warden | * | |
| Defendant | * | |

***

## MEMORANDUM OPINION

On July 11, 2016, Michael Moment filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a Complaint pursuant to 42 U.S.C. § 1983, presenting claims arising from his detention on a bench warrant for violating his probation in case 117643C in the Circuit Court of Maryland for Montgomery County. The warrant was authorized by the Honorable Dwight D. Jackson, Associate Judge for the Circuit Court of Maryland for Prince George's County. *See* http://msa.maryland.gov/msa/mdmanual/31cc/html/msa13475.html (listing Judge Jackson as an Associate Judge for Prince George's County Circuit Court). Moment's 28 U.S.C. § 2241 Petition was docketed in Civil Action No. PWG-16-2535 and the Complaint under 42 U.S.C. § 1983 was docketed Civil Action No. PWG-16-2536. Moment also filed a Motion to Proceed in Forma Pauperis in each case, which I will grant.

Moment asserts that the bench warrant is invalid because Judge Jackson has "no legal

authority to issue any warrant out of the political subdivision of Montgomery County," given that he is a Prince George's County Circuit Court judge.[1] Compl. 4; *see* Pet. 8. Moment submitted a copy of the bench warrant authorized by Judge Jackson in the Circuit Court for Montgomery County on March 7, 2016. *See* Warrant, Att. 1, ECF No. 1-1 in PWG-16-2535. Additionally, Moment complains that more than 122 days have passed without holding a hearing on the charges. Pet. 8; Compl. 4–5. In his habeas petition, Moment asks for a hearing or immediate release. Pet. 8. In his § 1983 Complaint, Moment seeks his immediate release and $250,000. Compl. 4.

On August 11, 2016, Moment notified the Court that he "ha[s] been released from the Montgomery County Jail for some reason," and he provided his current address, 1109 Montrose Ave., Laurel, MD 20707. ECF No. 5 in PWG-16-2536. He also filed a Certificate of Service of his Complaint. ECF No. 6 in PWG-16-2536.

I take notice of the state electronic docket which shows that the Montgomery County Circuit Court held a violation of probation hearing on August 2, 2016 and found Moment in violation of probation. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseI117643C&loc=68&detailLoc=MCCR. Judge Jackson set Moment's sentencing for December 8, 2016. Moment was not released on bond, but then on August 3, 2016, he was

---

[1]  [W]hen a prisoner being held "pursuant to the judgment of a State court" files a habeas petition claiming the execution of his sentence is in violation of the Constitution, laws, or treaties of the United States, the more specific [28 U.S.C.] § 2254 "and all associated statutory requirements" shall apply, regardless of the statutory label the prisoner chooses to give his petition.

*In re Wright*, --- F.3d ----, 2016 WL 3409851, at *7 (4th Cir. June 21, 2016) (citations omitted). Therefore, Moment's § 2241 petition seeking his release based on the alleged invalidity of the warrant for his arrest will be construed as a § 2254 petition. *See id.*; Fed. R. Civ. P. 1.

released on his own recognizance.[2] He filed an application for leave to appeal.

### Release from Custody

Judge Jackson's authority as a Prince George's County Circuit Court judge to issue a warrant in Montgomery County Circuit Court is unclear. Nonetheless, insofar as Moment seeks "immediate release" in his § 1983 Complaint, "[h]abeas corpus, and not § 1983, is the exclusive federal remedy for state prisoners seeking actual release from confinement." *Griffin v. Balt. Police Dep't*, 804 F.3d 692, 694–95 (4th Cir. 2015) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487–90 (1973)). And, "habeas petitioners must exhaust available state remedies before seeking relief in federal court." *Cone v. Bell.* 556 U.S. 449. 465 (2009); *see Pringle v. Johnson*, No. GJH-14-3041, 2016 WL 1752755, at *4 (D. Md. May 2, 2016) (same). For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) ("To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court."), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) ("[A] failure to appeal from a denial of relief in a state post-conviction proceeding constitutes a failure to exhaust state remedies," unless "at the time of filing the federal habeas corpus petition, it appears that petitioner has no remaining available state remedies."). The petitioner must show, not only that he sought review of his claim but also that he has "been denied relief in the state courts, if a state remedy is available and adequate."). *Preiser*, 411 U.S. at 477, 491; 28 U.S.C. § 2254(b) and (c). Moment

---

[2] When a defendant is released on his own recognizance prior to sentencing, he still is "'in custody' because he [is] 'subject to restraints not shared by the public generally.'" *Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012) (quoting *Hensley v. Mun. Court,* 411 U.S. 345, 351 (1973) (internal quotation marks and alterations omitted)).

3

has not shown that he has exhausted his state court remedies. Therefore, I will dismiss his habeas petition without prejudice to refiling as a § 2254 petition after exhaustion of state court remedies. *See Preiser*, 411 U.S. at 477, 491. Moment will be sent a § 2254 form and information packet to assist him should he desire to file for federal habeas relief after he exhausts his remedies in state court.

## Certificate of Appealability

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An inmate satisfies this standard by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller-el v. Cockrell,* 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Moment does not satisfy this standard, and the court declines to issue a certificate of appealability.

## <u>Damages Claim</u>

Because Moment has been found to be in violation of probation[3] but his state criminal proceeding still is ongoing, with his appeal and sentencing both pending, his § 1983 claim for

---

[3] When Moment filed his § 1983 claim, the state court had not yet held his violation of probation hearing. His claim that the warrant was invalid "related to rulings that [would] likely be made in a pending or anticipated criminal [hearing]." *Wallace v. Kato*, 549 U.S. 384, 393 (2007). At that time, before he had been convicted, "it [was] within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393–94. But, now that he has been convicted, given that this "civil suit would impugn that conviction, *Heck* will require dismissal." *Id. Cf. Cohen v. Rosenstein,* 610 F. App'x 240, 241 (4th Cir. 2015) ("Because *no conviction has yet occurred*, we conclude that the district court's dismissal under *Heck* is premature." (emphasis added)).

damages is premature. The Supreme Court has held "[w]here success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751. (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). "In order to recover damages for an allegedly unconstitutional conviction or imprisonment or for other harm whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486–87. In this case, it appears that Moment has appealed his conviction, but Moment provides no evidence that his conviction, sentence, or violation of probation was invalidated. Consequently, this claim must be dismissed.

    Therefore, I will dismiss both cases without prejudice by separate Order to follow.

August 25, 2016
Date

Paul W. Grimm
United States District Judge